IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| VS. | § Criminal No. 3:18-CR-101-D(01) |
| JEFFREY STEVEN RUDLUFF, | § |
| Defendant, | § |
| and | § |
| FIDELITY MANAGEMENT TRUST COMPANY, | § |
| Garnishee. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Jeffrey Steven Rudluff ("Rudluff") has filed a claim for exemption under 28 U.S.C. § 3202 concerning a writ of garnishment issued to enforce a judgment in a criminal case. He does not request a hearing under § 3202(d). For the reasons explained, the court denies Rudluff's claim for exemption.[1]

I

Rudluff pleaded guilty to attempted enticement of a minor, in violation of 18 U.S.C.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

§ 2422(b).  As part of his sentence, the court ordered Rudluff to pay a $100 mandatory special assessment and a $5,000 assessment under the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014.  The government obtained a writ of garnishment issued to garnishee Fidelity Management Trust Company ("Fidelity").  Fidelity has answered the writ, acknowledging that it has possession, custody, or control of a rollover individual retirement account in Rudluff's name that contains funds that exceed the amount of the criminal judgment.

In his claim for exemption, Rudluff asserts that the funds Fidelity is withholding are exempt under 42 U.S.C. § 407(a).  The court disagrees.  Although the Social Security Act generally provides that benefits under the Act are not subject to garnishment,[2] 18 U.S.C. § 3613[3] expressly provides that the United States can enforce a judgment notwithstanding that

---

[2] *See* 42 U.S.C. § 407 ("[N]one of the moneys paid or payable or rights existing under this subchapter shall be subject to . . . garnishment[.]")

[3] Under the JVTA, "[t]he amount assessed under subsection (a) shall, subject to subsection (b), be collected in the manner that fines are collected in criminal cases, including the mandatory imposition of civil remedies for satisfaction of an unpaid fine as authorized under section 3613, where appropriate." 18 U.S.C. § 3014(f). 18 U.S.C. § 3613(a) provides:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. *Notwithstanding any other Federal law (including section 207 of the Social Security Act* [, 42 U.S.C. § 407]), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except [for listed exceptions].

*Id.* (emphasis added).

section of the Social Security Act. *See, e.g., United States v. Lockhart*, 2014 WL 12503340, at *5 (N.D. Tex. Mar. 25, 2014) (Solis, J.), *aff'd*, 584 Fed. Appx. 268 (5th Cir. 2014); *see also United States v. DeCay*, 620 F.3d 534, 539-41 (5th Cir. 2010) (concluding that Mandatory Victims Restitution Act allows garnishment of defendant's retirement benefits to satisfy criminal restitution order). Rudluff does not claim any other exemption or provide the court any argument as to why he believes the funds in his Fidelity account are exempt from garnishment.

Under 28 U.S.C. § 3205(c)(5), Rudluff has the burden of proving the grounds for the exemption he claims. Because he has failed to satisfy this burden, the court denies Rudluff's claim for exemption.

II

Rudluff did not check the box requesting a hearing on his claim for an exemption; nor did he check the box stating "I do not request a hearing in this matter." Assuming *arguendo* that Rudluff intended to request a hearing, the court denies the request. 28 U.S.C. § 3202(d) limits the issues that may be addressed at a garnishment hearing to (1) the probable validity of a claim for exemption, (2) compliance with statutory requirements for the issuance of a writ, and (3) certain issues regarding default judgments. *See* 28 U.S.C. § 3202(d). For the reasons explained above, Rudluff has not claimed a valid exemption. He has not alleged that the United States failed to comply with the statutory requirements for the issuance of the writ. And the United States is enforcing the restitution order as part of Rudluff's criminal sentence, not as a default judgment. Rudluff has therefore failed to raise an issue that would

require (or permit) a hearing under § 3202(d).

* * *

For the reasons explained, Rudluff's August 20, 2019 claim for exemption is denied.

**SO ORDERED**.

October 16, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE